IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SPAR ENTERPRISES, LP, d/b/a HAMPTON INN HOTEL, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 5:15-CV-00661-RP |
| THE CINCINNATI INSURANCE COMPANY, AND ELIZABETH ORTIZ, | § § § | |
| Defendants. | § § | |

## ORDER

Before the Court in the above-styled case is Plaintiff's Opposed Motion to Remand to State Court (Dkt. 4) and responsive pleadings thereto. After considering the Parties' pleadings, the relevant law, and the entire Record, the Court issues the following Order.

## BACKGROUND

Plaintiff filed this commercial insurance case in the 25th Judicial District Court of Guadalupe County, Texas on July 15, 2015. A storm badly damaged commercial property owned by Plaintiff in June 2014, and Plaintiff submitted a claim for repair to the property's insurer, Defendant Cincinnati Insurance Company ("Cincinnati"). Cincinnati assigned Defendant Elizabeth Ortiz to adjust the claim by "conducting a thorough and reasonable investigation of [the] claim, including determining the cause of and then quantifying the damage done to Plaintiff's business." (Pl.'s Original Petition, at 3 ¶ F). According to Plaintiff, "Cincinnati and Ms. Ortiz were not diligent in investigating Plaintiff's loss" (*Id.* at 3 ¶ E); they "failed to timely and accurately investigate the covered loss" (*Id.*); and Defendant Ortiz prepared a repair estimate that "vastly under-scoped" the "actual covered damages to the business" and "even the damages that were accounted for." (*Id.* at 3 ¶ G).

1

Plaintiff's Petition alleges five causes of action. Plaintiff alleges, first, Defendants breached their contract with Plaintiff. "Defendant Cincinnati has the duty to investigate and pay Plaintiff's policy," and "Defendants' Cincinnati and Ms. Ortiz failure and refusal . . . to pay the adequate compensation . . . constitutes a breach of Defendant Cincinnati's contract." (*Id.* at 7). Second, Defendant Cincinnati violated Section 542 of the Texas Insurance Code by "failing to accept or reject Plaintiff's claim in writing within the statutory timeframe" and "failing to pay Plaintiff's claim within the applicable statutory period." (*Id.* at 7 – 8).

Third, Defendants violated provisions of the Texas Deceptive Trade Practices Act ("DTPA"). According to Plaintiff, "Defendants Cincinnati and Ms. Ortiz" violated the DTPA by, among other acts and omissions, (a) "their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim," (b) "their failure to give Plaintiff the benefit of the doubt," and (c) their "represent[ation] to Plaintiff that the insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that they did not have." (*Id.* at 8 – 9).

Fourth, Plaintiff alleges that Defendants violated the Texas Insurance Code by their unreasonable delays in investigation, adjustment, and resolution of Plaintiff's claim, by their failure to pay for the proper repair, and by their "failure to give Plaintiff the benefit of the doubt." (*Id.* at 10). Finally, Plaintiff alleges "Defendants have breached their common law duty of good faith and fair dealing." (*Id.*).

Defendant Cincinnati filed its notice of removal on August 7, 2015 (Dkt. 1) alleging that Defendant Ortiz was improperly joined and, therefore, there was "complete diversity" between the remaining parties such that the federal courts had original jurisdiction. Plaintiff filed its Motion to Remand (Dkt. 4) on September 28, 2015. Plaintiff emphasizes Defendant Cincinnati's heavy burden to justify removal and show improper joinder, as well as Texas's "fair notice" pleading standard, and argues that its Petition sufficiently alleges a cause of action against

Defendant Ortiz. The Parties have briefed the issues, and the Motion for Remand is ripe for determination.

## STANDARD OF REVIEW

A case may be removed to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). When the propriety of removal is challenged, the burden of establishing federal jurisdiction is on the party who removed the action. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997).

A suit between diverse parties may be adjudicated in a federal forum if the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). *See also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (removing party bears burden of showing existence of federal jurisdiction and propriety of removal).

A non-diverse party may not destroy diversity if that party has been improperly joined. Improper joinder is established one of two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Under the second prong, the defendants must demonstrate that the plaintiff has no possibility of recovery against an in-state defendant or, stated differently, that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant. *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004) (defendant must demonstrate there is no

3

reasonable basis for predicting plaintiff will recover in state court); *Smallwood*, 385 F.3d at 573 (party seeking removal bears heavy burden of proving joinder of in-state party was improper).

The Fifth Circuit recognizes two methods of analyzing whether a plaintiff has a reasonable basis of recovery under state law.  The usual procedure is for the district court to conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint. *Smallwood*, 385 F.3d at 573; *Travis*, 326 F.3d at 647 (crucial question is whether plaintiff has set out a valid claim under applicable state law).  The district court may, however, "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff truly has a reasonable possibility of recovery in state court.  *Gray*, 390 F.3d at 405.

## ANALYSIS

In removing this action Cincinnati acknowledged that Plaintiff and Defendant Ortiz are both citizens of Texas. To establish the "complete diversity" required for federal diversity jurisdiction, Cincinnati alleges Ortiz was improperly joined, and that her citizenship should therefore be disregarded. In moving to remand, Plaintiff disagrees. It argues that, under the appropriate pleading standards, its Original Petition sufficiently states a claim against Ortiz such that her citizenship cannot be disregarded.

### Pleading Requirement

As an initial matter, the parties disagree about which pleading standards – federal or state – apply to Plaintiff's claims against Defendant Ortiz.

The Fifth Circuit applies state law to determine the sufficiency of the factual allegations as part of an improper joinder analysis. *Akerblom v. Ezra Holdings Ltd.*, 509 F. App's 340, 344 – 45 (5th Cir. 2013) (applying pleading standards of Texas civil procedure). Texas has traditionally used a "fair notice" standard of pleading, which deems an original petition sufficient "if it gives fair and adequate notice of the facts upon which the pleader bases his claim." *Horizon/CMS*

*Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000) (quoting *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)).

Cincinnati argues that recent inclusion of a new provision in the Texas Rules of Civil Procedure heightens Texas pleading standards. In pertinent part, Rule 91a.1, titled "Dismissal of Baseless Causes of Action," permits a party to move to dismiss a cause of action if it has no basis in law, which the rule defines as "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1. Several federal district courts have interpreted this new rule as creating a failure-to-state-a-claim analysis under Texas law that is similar to the Rule 12(b)(6) analysis under federal law. *See Davis v. Metro. Lloyds Ins. Co. of Texas*, 2015 WL 456726, at *2 (N.D. Tex. Feb. 3, 2015) (effect of Rule 91a.1 is to cause pleading standard in Texas to be substantially the same as standard outlined by Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*); *Craig Penfold Props., Inc.* v. *The Travelers Cas. Ins. Co.*, 2015 WL 356885, at *3 (N.D. Tex. Jan. 28, 2015) ("[t]his new rule now allows a state court to do what a federal court is allowed to do under Federal Rule of Civil Procedure 12(b)(6)"); *Plascencia v. State Farm Lloyds*, 2014 U.S. Dist. LEXIS 135081, at *10 (N.D. Tex. Sep. 25, 2014) (under Rule 91a.1 "Texas now has a failure-to-state-a-claim rule that is substantially the same as the federal rule that is predicated on the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure"). Defendant urges the Court to adopt this view.

The more nuanced view, however, recognizes Rule 91a.1 does not supersede prior pleading requirements set forth in Rule 45 of the Texas rules, but simply modified the standard such that "fair notice" must now be judged in the context of Rule 91a. *New Life Assembly of God of City of Pampa v. Church Mut. Ins. Co.*, 2015 WL 2234890, at *4-5 (N.D. Tex. May 12,

2015); *Bart Turner & Assocs. v. Krenke*, 2014 WL 1315896, at *3 (N.D. Tex. Mar. 31, 2014). The Court will employ this standard in reviewing the motion to remand.

Texas pleading standards specifically provide it "shall not be grounds for an objection" that "an allegation . . . be of legal conclusion." Tᴇx. R. Cɪv. P. 45(b). However, that provision is followed by the caveat that "the allegations as a whole" must still provide "fair notice to the opponent." *Id.*

**Improper Joinder**

The question before the Court is whether Plaintiff's Petition as a whole provides fair notice to Defendant Ortiz of the claims and causes of action against her.

Plaintiff's Petition states five causes of action. Defendant is perhaps correct to argue that certain of Plaintiff's claims cannot be sustained against Defendant Ortiz. For instance, if Ortiz was not a party to Plaintiff and Defendant Cincinnati's contract, she could not breach that contract. *See American Realty Trust Inc. v. Matisse Capital Partners LLC,* 91 Fed. Appx. 904, 912 (5th Cir. 2003). And Defendant Ortiz is not likely liable for violation of the duty of good faith and fair dealing. *See Natividad v. Alexsis, Inc.,* 875 S.W.2d 695,698 (Tex.1994) (insurer's common law duty of good faith and fair dealing is non-delegable and does not extend to insurance company's agents or adjusters).

Plaintiff's Insurance Code and DTPA claims, however, could not so easily be disposed. Agents of an insurance company can be held liable under the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998). In order to find an adjuster liable, "[t]he Fifth Circuit . . . has made clear that . . . the plaintiff must demonstrate that the adjuster, as an individual, committed the Texas Insurance Code or DTPA violation that caused the harm." *George Green v. Nationwide Mutual Insurance Company and Yolanda Alvarez*, No. 1:12-cv-600-LY, 2012 WL 5188031, * 5 (W.D. Tex. Oct. 17, 2012).

6

The Court finds that the Petition, construed as true and in Plaintiff's favor, sufficiently states a claim against Defendant Ortiz. Plaintiff alleges and Cincinnati concedes that Defendant Ortiz acted as an adjuster investigating Plaintiff's insurance claims. Plaintiff alleges that in the course of investigating the insurance claim Defendant Ortiz violated numerous sections of the DTPA and the Texas Insurance Code. In investigating Plaintiff's Insurance claims and setting a valuation, Defendant Ortiz "personally carried out [a] transaction that forms the core of [Plaintiff's] complaint." *Garrison Contractors*, 966 S.W. 2d, at 486.

Defendant Cincinnati argues that, despite Ortiz's role in investigation and contrary to Plaintiff's allegations, Defendant Ortiz did not determine or otherwise independently impact the amount of Cincinnati's payments under the insurance contract. Defendant attaches Ms. Ortiz's affidavit to show Ms. Ortiz "did not prepare a repair estimate for Plaintiff's claim." (Def.'s Response to Mot. to Remand (Dkt. 5), at 8).  Rather, Defendant argues, "the claim was adjusted and paid according to a repair estimate provided by Plaintiff's own contractor." (*Id.*).

Defendant notes that, "[w]hen a Plaintiff has stated a claim but has 'misstated or omitted discrete facts that would determine the propriety of joinder'" the court may pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F. 3d at 573. Defendant's submissions and other evidence in the Record suggest, however, that Defendant Cincinnati understates the role played by Defendant Ortiz in adjusting and paying Plaintiff's insurance claim. Defendant's submissions suggest that, contrary to Defendant's characterization, Ortiz did not sign off on Plaintiff's contractor's estimate, but prepared an estimate and provided it to the contractor. (*Id.* Ex. B) ("However, *we* [Ortiz] noted the estimate also included interior repair costs . . . We discussed with PA Kevin Small the fact that the interior damages were not related to this claim. He agreed with us, and suggested we take those items off the estimate.").  Moreover, to the extent Defendant asks the Court to pierce the pleadings to determine a misstatement of facts,

7

there is significant dispute in the Record with regard to Ortiz's role in investigating the property, preparing a report, and issuing a recommendation. According to Kevin Small's affidavit,

> Ms. Ortiz orchestrated the inspections to focus only on the roof. . . . Ms. Ortiz created a report that only provided for estimated damages to the Hotels roof as part of the claim. She indicated to us that she was not going to allow for payment of the interior damages. She also told us that she was not willing to provide coverage or consideration for additional wind and hail related damages. (Affidavit of Kevin Small, Pl.'s Reply (Dkt. 6), ¶¶ 6 - 7).

Even if the Court pierces the Petition to summarily evaluate outside evidence, the Court cannot conclude with certainty at this stage that Plaintiffs have "misstated or omitted discrete facts" relevant to the propriety of joinder.

In light of the Defendant's heavy burden to show cause for removal and improper joinder, and through the lens of Texas's "fair notice" pleading standard, Plaintiff's Petition sufficiently alleges conduct by Defendant Ortiz to state a claim for violations of the Insurance Code and the DTPA.

## **CONCLUSION**

Accordingly, Plaintiff's Opposed Motion to Remand to State Court (Dkt. 4) is GRANTED. The case is hereby REMANDED to the 25th Judicial District Court of Guadalupe County, Texas. The Clerk of this Court shall mail a certified copy of this Order to the District Clerk of Guadalupe County, Texas, for entry in Cause No. 15-1421-CV.

IT IS SO ORDERED.

**SIGNED** on October 30, 2015.

_____
ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE

8